UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STICHTING PENSIOENFONDS ABP,<br><br>                              Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM<br><br>                              Defendants. | CASE NO. 2:05-CV-05060-SRC-MAS |
| NORGES BANK,<br><br>                              Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM,<br><br>                              Defendants. | CASE NO. 07-CV-04021-SRC-MAS |

[Caption continued on following page]

DEKA INVESTMENT GmbH, DEKA
INTERNATIONAL S.A. LUXEMBURG, DEKA
INTERNATIONAL (IRELAND) LIMITED,
DEKA FUNDMASTER
INVESTMENTGESELLSCHAFT MBH,
INTERNATIONAL FUND MANAGEMENT
S.A., MUNICH ERGO ASSET MANAGEMENT
GmbH, INTERNATIONALE FONDS SERVICE
AG, INTERNATIONALE
KAPITALANLAGEGESELLSCHAFT MBH,
METZLER INVESTMENT GmbH, and
FRANKFURTER SERVICE
KAPITALANLAGEGESELLSCHAFT mbH,

Plaintiffs,

v.

MERCK & CO., INC., RAYMOND V.
GILMARTIN, JUDY C. LEWENT, ALISE S.
REICIN, KENNETH C. FRAZIER,
EDWARD M. SCOLNICK, DAVID W.
ANSTICE, and PETER S. KIM,

Defendants.

CASE NO. 07-CV-04022-SRC-MAS

[Caption continued on following page]

| | |
|---|---|
| UNION ASSET MANAGEMENT HOLDING AG, OPPENHEIM PRAMERICA ASSET MANAGEMENT S.à.r.l., ERSTE-SPARINVEST KAPITALANLAGEGESELLSCHAFT m.b.H., and OPPENHEIM KAPITALANLAGEGESELLSCHAFT m.b.H., <br><br>                                    Plaintiffs, <br><br>                 v. <br><br> MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM, <br><br>                                    Defendants. | CASE NO. 07-CV-04023-SRC-MAS |

[Caption continued on following page]

| | |
|---|---|
| AFA LIVFÖRSÄKRINGSAKTIEBOLAG, AFA TRYGGHETSFÖRSÄKRINGSAKTIEBOLAG, AFA SJUKFÖRSÄKRINGSAKTIEBOLAG on its own behalf and on behalf of KOLLEKTIVAVTALSSTIFTELSEN TRYGGHETSFONDEN TSL, ALECTA PENSIONSFÖRSÄKRING ÖMSESIDIGT, SJUNDE AP-FONDEN, DANSKE INVEST ADMINISTRATION A/S, SWEDBANK ROBUR AB, AMF PENSION FONDFÖRVALTNING AB, ARBETSMARKNADSFÖRSÄKRINGAR PENSIONSFÖRSÄKRINGSAKTIEBOLAG, SKANDINAVISKA ENSKILDA BANKEN AB on its own behalf and on behalf of SEB INVESTMENT MANAGEMENT AB, SEB ASSET MANAGEMENT S.A. and GAMLA LIVFÖRSÄKRINGSAKTIEBOLAGET SEB TrYGG LIV,<br><br>                          Plaintiffs,<br><br>        v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM,<br><br>                          Defendants. | CASE NO. 07-CV-04024-SRC-MAS |

[Caption continued on following page]

| | |
|---|---|
| ALLIANZ GLOBAL INVESTORS KAPITALANLAGEGESELLSCHAFT MbH; ALLIANZ GLOBAL INVESTORS LUXEMBOURG S.A.; and ALLIANZ GLOBAL INVESTORS IRELAND LIMITED,<br><br>         Plaintiffs,<br><br>      v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM,<br><br>         Defendants. | CASE NO. 07-CV-04451-SRC-MAS |
| DWS INVESTMENT GmbH, PIONEER INVESTMENTS KAPITALANLAGEGESELLSCHAFT mbH, DEUTSCHE ASSET MANAGEMENT INVESTMENTGESELLSCHAFT mbH, WIENER STÄDTISCHE VERSICHERUNG AG VIENNA INSURANCE GROUP, LIECHTENSTEINISCHE LANDESBANK AKTIENGESELLSCHAFT, DWS (AUSTRIA) INVESTMENTGESELLSCHAFT mbH, LANDESBANK BERLIN INVESTMENT GmbH, and LRI LANDESBANK RHEINLAND-PFALZ INTERNATIONAL S.A.,<br><br>         Plaintiffs,<br><br>      v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM,<br><br>         Defendants. | CASE NO. 07-CV-04546-SRC-MAS |

[Caption continued on following page]

|  |  |
|---|---|
| KBC ASSET MANAGEMENT NV, PIONEER INVESTMENT MANAGEMENT LTD., PIONEER INVESTMENT MANAGEMENT SGRpa, and PIONEER INVESTMENTS AUSTRIA GmbH,<br><br>                              Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM<br><br>                              Defendants. | CASE NO. 2:11-CV-06259-SRC-MAS |

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, pursuant to the Court's Order dated May 5, 2005, all pending and subsequently-filed Vioxx-related securities actions, including the above-captioned individual actions (the "Individual Actions"), are "consolidated for all purposes" into *In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation*, MDL No. 1658 (the "MDL");

WHEREAS, the MDL includes the Individual Actions, as well as a consolidated securities action, No. 2:05-CV-02367-SRC-MAS (the "Consolidated Securities Action");

WHEREAS, the complaints in the Individual Actions involve claims, allegations, and parties that substantially overlap with the claims, allegations, and parties in the Consolidated Securities Action;

WHEREAS, on December 3, 2008, the parties to three of the Individual Actions (*Stichting Pensioenfonds ABP v. Merck & Co., Inc.*, No. 2:05-CV-05060-SRC-MAS; *AFA Livförsäkringsaktiebolag, et al. v. Merck & Co., Inc.*, No. 07-cv-04024-SRC-

MAS; and *Allianz Global Investors Kapitalanlagegesellschaft MbH, et al. v. Merck & Co., Inc.*, No. 07-cv-04451-SRC-MAS) entered into a stipulation, which this Court "so ordered," setting the deadline for Plaintiffs to file amended complaints no later than forty-five (45) days from the date on which this Court resolved the motions to dismiss the Fifth Amended Corrected and Consolidated Securities Complaint (the "Fifth Amended Complaint") in the Consolidated Securities Action;

WHEREAS, on March 10, 2009, Plaintiffs in the Consolidated Securities Action filed the Fifth Amended Complaint;

WHEREAS, Defendant Merck & Co., Inc. ("Merck") filed a motion to dismiss the Fifth Amended Complaint in the Consolidated Securities Action on behalf of Merck and all individual defendants other than Defendant Scolnick (the "Merck Individual Defendants" and, together with Merck, the "Merck Defendants");

WHEREAS, Defendant Scolnick filed a separate motion to dismiss the Fifth Amended Complaint in the Consolidated Securities Action;

WHEREAS, on August 8, 2011, this Court issued a single opinion (the "August 8 Opinion") on the motions to dismiss the Fifth Amended Complaint in the Consolidated Securities Action filed by the Merck Defendants and Defendant Scolnick (together, the "Defendants");

WHEREAS, in the August 8 Opinion, this Court granted in part Defendants' motions to dismiss the Fifth Amended Complaint in the Consolidated Securities Action as follows:

(1) the Court dismissed the claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") to the extent those claims were asserted against Defendants Gilmartin, Lewent, Frazier, Anstice, and Kim;

(2) the Court dismissed the claims under Section 10(b) of the Exchange Act to the extent those claims were based on alleged misrepresentations made by Merck and/or Defendant Raymond Gilmartin on September 30, 2004;

(3) the Court dismissed the claims under Section 10(b) of the Exchange Act to the extent that those claims alleged losses occurring after September 30, 2004;

(4) the Court dismissed the claims under Section 10(b) of the Exchange Act as asserted against Defendant Scolnick to the extent they are predicated on statements that are not alleged to have been made by and attributed to Defendant Scolnick;

(5) the Court dismissed the claims under Section 10(b) of the Exchange Act as asserted against Defendant Scolnick to the extent those claims were based on Merck's 2000 Annual Report, Merck's 2001 Form 10-K, and/or Merck's 2002 Registration Statement; and

(6) the Court dismissed the claim against Defendant Scolnick under Section 20(a) of the Exchange Act to the extent the claim was based on alleged misrepresentations post-dating Defendant Scolnick's retirement from Merck on December 31, 2002;

WHEREAS, in the August 8 Opinion, this Court otherwise denied Defendants' motions to dismiss the Fifth Amended Complaint in all other respects;

WHEREAS, Plaintiffs' counsel in the first seven above-captioned actions informed Defendants that Plaintiffs intended to file amended complaints to conform their allegations to the August 8 Opinion with respect to certain overlapping claims and allegations in the Consolidated Securities Action;

WHEREAS, Plaintiffs in the first seven above-captioned actions filed amended complaints on October 21, 2011, and Plaintiffs in the above-captioned action entitled *KBC Asset Management NV v. Merck & Co., Inc.*, No. 2:11-cv-06259-SRC-MAS filed a complaint on October 26, 2011, which was consolidated with the first seven above-captioned actions (collectively, the "Individual Complaints");

WHEREAS, the Individual Complaints are substantially identical to one another;

WHEREAS, the parties, claims, and allegations in the Individual Complaints overlap substantially with the parties, claims, and allegations in the Consolidated Securities Action Fifth Amended Complaint;

WHEREAS, Defendants in *Stichting Pensioenfonds ABP v. Merck & Co., Inc.*, No. 2:05-cv-05060-SRC-MAS (the "ABP Action") will file motions to dismiss the ABP Second Amended Complaint on January 20, 2012;

WHEREAS, pursuant to this Court's Order on October 6, 2011, Defendants' time to move or otherwise respond to the remaining Individual Actions was stayed until forty-five (45) days after this Court's decision on the motions to dismiss in the ABP Action;

WHEREAS, the Parties to the Individual Actions do not wish to re-brief arguments and issues already considered and decided by this Court in the Consolidated Securities Action, but wish nonetheless to preserve any such arguments and issues for appeal; and

WHEREAS, the Court has directed the Parties to the Individual Actions to enter into a stipulation providing that the Court's rulings in the August 8 Opinion apply to the Individual Actions to the same extent as to the Consolidated Securities Action;

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their undersigned counsel, that:

1. The Parties to the Individual Actions agree that any arguments raised by Defendants and/or Plaintiffs in the Consolidated Securities Action in connection with any briefing (including supplemental letter briefs) on Defendants' motions to dismiss the Fifth Amended Complaint shall not be re-briefed in the Individual Actions, but shall be preserved for appeal as if such arguments had been raised in motions to dismiss and in opposition to such motions in the Individual Actions;

2. The Parties to the Individual Actions agree that the following claims, dismissed in the August 8 Opinion, shall be deemed dismissed to the same extent in the Individual Actions, but shall be preserved for appeal as if such arguments had been raised in motions to dismiss and in opposition to such motions in the Individual Actions:

    a. Any claims under Section 10(b) of the Exchange Act against Defendants Gilmartin, Lewent, Frazier, Anstice, and Kim;

    b. Any claims under Section 10(b) of the Exchange Act based on alleged misrepresentations made by Merck and/or Defendant Raymond Gilmartin on September 30, 2004;

    c. Any claims under Section 10(b) of the Exchange Act based on alleged losses occurring after September 30, 2004;

    d. Any claims under Section 10(b) of the Exchange Act against Defendant Scolnick to the extent those claims are based on

       purported misrepresentations not alleged to have been made by and attributed to Defendant Scolnick;

   e. Any claims under Section 10(b) of the Exchange Act against Defendant Scolnick based on Merck's 2000 Annual Report, Merck's 2001 Form 10-K, and/or Merck's 2002 Registration Statement;

   f. Any claims under Section 20(a) of the Exchange Act against Defendant Scolnick based on misrepresentations post-dating Defendant Scolnick's retirement from Merck on December 31, 2002;

3. Nothing in this Stipulation shall preclude the Parties in the Individual Actions from advancing, in connection with any motion to dismiss, any argument that was not raised or decided in the Consolidated Securities Action.

DATED:	January 17, 2012

AGREED TO BY:

**GRANT & EISENHOFER P.A.**

By: _/s/ Geoffrey C. Jarvis/ by permission_ KAD
Jay W. Eisenhofer
Geoffrey C. Jarvis
Jeff A. Almeida
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500
gjarvis@gelaw.com

**SAIBER LLC**
Jeffrey W. Lorell
Marc E. Wolin
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
(973) 622-3333
jwl@saiber.com

**MOTLEY RICE LLC**
Ann K. Ritter
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
(843) 216-9000

**STURMAN LLC**
Deborah Sturman
275 Seventh Avenue, 2nd Floor
New York, NY 10001
(212) 367-7017

*Counsel for Plaintiffs Stichting Pensioenfonds ABP; Norges Bank; Deka Investment GmbH, Deka International S.A. Luxemburg, Deka International (Ireland) Limited, Deka FundMaster Investmentgesellschaft mbH, International Fund Management S.A., Munich Ergo Asset Management GmbH, Internationale Fonds Service AG, Internationale Kapitalanlagegesellschaft mbH, Metzler Investment GmbH, and Frankfurter Service Kapitalanlagegesellschaft mbH; Union Asset Management Holding AG, Oppenheim Pramerica Asset Management S.à.r.l., Erste-Sparinvest*

*Kapitalanlagegesellschaft m.b.H., and Oppenheim Kapitalanlagegesellschaft mbH; DWS Investment GmbH, Pioneer Investments Kapitalanlagegesellschaft mbH, Deutsche Asset Management Investmentgesellschaft mbH, Wiener Städtische Versicherung AG Vienna Insurance Group, Liechtensteinische Landesbank Aktiengesellschaft, DWS (Austria) Investmentgesellschaft mbH, Landesbank Berlin Investment GmbH, and LRI Landesbank Rheinland-Pfalz International S.A., KBC Asset Management NV, Pioneer Investment Management LTD., Pioneer Investment Management SGRpa, and Pioneer Investments Austria GmbH*

DATED:   January 17, 2012

**KESSLER TOPAZ MELTZER & CHECK LLP**

By: /s/ John Kehoe by permission (KAD)
David Kessler
Stuart L. Berman
John A. Kehoe
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
dkessler@ktmc.com

**SAIBER LLC**
Arnold B. Calmann
One Gateway Center
10th Floor
Newark, NJ 07102-5311
(973) 622-3333
abc@saiber.com

*Counsel for Plaintiffs AFA Livförsäkringsaktiebolag, AFA Trygghetsförsäkringsaktiebolag, AFA Sjukförsäkringsaktiebolag on its own behalf and on behalf of Kollektivavtalsstiftelsen Trygghetsfonden TSL, Alecta pensionsförsäkring ömsesidigt, Fjärde AP-Fonden, Sjunde AP-Fonden, Danske Invest Administration A/S, Swedbank Robur AB, AMF Pension Fondförvaltning ab, Arbetsmarknadsförsäkringar Pensionsförsäkringsaktiebolag, Skandinaviska Enskilda Banken AB on its own behalf and on behalf of SEB Investment Management AB, SEB Asset Management S.A., and Gamla Livförsäkringsaktiebolaget SEB Trygg Liv; Allianz Global Investors Kapitalanlagegesellschaft MbH, Allianz Global Investors Luxembourg S.A., and Allianz Global Investors Ireland Limited*

DATED: January 17, 2012

**CRAVATH, SWAINE & MOORE LLP**

By: _____
Evan R. Chesler
Robert H. Baron
Karin A. DeMasi
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
kdemasi@cravath.com

**HUGHES HUBBARD & REED LLP**
William R. Stein
Eric Parnes
1775 I Street, N.W.
Washington, DC 20006-2401
(202) 721-4600
parnes@hugheshubbard.com

*Counsel for Defendants Merck & Co., Inc., Raymond V. Gilmartin, Judy C. Lewent, Alise S. Reicin, Kenneth C. Frazier, David W. Anstice, and Peter S. Kim*

DATED:     January 17, 2012        **SCHULTE ROTH & ZABEL LLP**

By: _____
Martin L. Perschetz
Sung-Hee Suh
William H. Gussman, Jr.
919 Third Avenue
New York, NY 10022
(212) 756-2000
bill.gussman@srz.com

**LOWENSTEIN SANDLER PC**
Lawrence M. Rolnick
Sheila A. Sadighi
65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2500
lrolnick@lowenstein.com

*Counsel for Defendant Edward M. Scolnick*


SO ORDERED: _____, 2012


_____
Hon. Stanley R. Chesler
United States District Judge