UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STICHTING PENSIOENFONDS ABP, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MERCK & CO., INC., et al., : <br> : <br> Defendants. : <br> : <br> : | **Civil Action No. 05-5060 (SRC)** |
| NORGES BANK, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MERCK & CO., INC., et al., : <br> : <br> Defendants. : <br> : <br> : | **Civil Action No. 07-4021 (SRC)** |
| DEKA INVESTMENT GmbH, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> MERCK & CO., INC., et al., : <br> : <br> Defendants. : <br> : <br> : | **Civil Action No. 07-4022 (SRC)** |

| | | |
|---|---|---|
| UNION ASSET MANAGEMENT HOLDING AG, et al., | : : : | |
| Plaintiffs, | : : | **Civil Action No. 07-4023 (SRC)** |
| v. | : : | |
| MERCK & CO., INC., et al., | : : | |
| Defendants. | : : | |

| | | |
|---|---|---|
| AFA LIVFORSAKRINGSAKTIEBOLAG, et al., | : : : | |
| Plaintiffs, | : : | **Civil Action No. 07-4024 (SRC)** |
| v. | : : | |
| MERCK & CO., INC., et al., | : : | |
| Defendants. | : : | |

| | | |
|---|---|---|
| ALLIANZ GLOBAL INVESTORS KAPITALANLAGEGESELLSCHAFT MbH, et al., | : : : : | **Civil Action No. 07-4451 (SRC)** |
| Plaintiffs, | : : | |
| v. | : : | |
| MERCK & CO., INC., et al., | : : | |
| Defendants. | : | |

| | |
|---|---|
| DWS INVESTMENT GmbH, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>MERCK & CO., INC., et al.,<br><br>                    Defendants. | **Civil Action No. 07-4546 (SRC)** |
| KBC ASSET MANAGEMENT NV, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>MERCK & CO., INC., et al.,<br><br>                    Defendants. | **Civil Action No. 11-6259 (SRC)** |

**ORDER**

This matter comes before the Court on its Order To Show Cause of August 10, 2012. That Order directed the Plaintiffs to the various above-captioned securities fraud actions, which are part of MDL 1658, to demonstrate why these actions should not be consolidated with the Consolidated Securities Action, a class action docketed as Civil Action No. 05-2367, pursuant to the terms of Pretrial Order No. 1.[1]  The above-captioned actions, which were filed separately in this district by shareholders seeking individual recovery against Defendant Merck & Co., Inc.

---

[1] Filed in Civil Action No. 05-1151 as docket entry 63.

3

("Merck") for losses allegedly arising out of Merck's conduct with respect to the product known as Vioxx, will be referred to hereinafter as the "Individual Actions." The Plaintiffs to the Individual Actions jointly filed a response to the Order To Show Cause on August 20, 2012. The Court has considered their submission, and for the following reasons, has concluded that the Individual Actions should be consolidated with the Consolidated Securities Action.

Federal Rule of Civil Procedure 42(a) provides that the Court may consolidate actions if they involve a common question of law or fact. As the Court discussed at length in its August 1, 2012 Opinion adjudicating Merck's motion to dismiss in the Individual Action filed by Stichting Pensioenfonds ABP (Civil Action No. 05-5060, docket entry 80), the Individual Actions and the Consolidated Securities Action relate to exactly the same subject matter. Plaintiffs to the Individual Actions indeed have acknowledged that their actions "involve claims, allegations and parties that substantially overlap with the claims, allegations and parties in the Consolidated Securities Action." (October 6, 2011 Stipulation and Order.) This identity among the cases with regard to the legal claims and the set of facts giving rise to those claims makes the Individual Actions perfectly suited for consolidation with the Consolidated Securities Action pursuant to Rule 42. The Third Circuit has held that Rule 42(a) "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." <u>Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.</u>, 339 F.2d 673, 675 (3d Cir. 1964). Consolidation of these various Vioxx-related securities fraud cases against Merck will eliminate duplicative discovery and prevent inconsistent rulings in both the pretrial phase and at trial. Moreover, it will conserve the resources of the parties and of this Court. Indeed, as the Court's experience with the various Vioxx securities fraud actions has

demonstrated, its rulings on dispositive motions have been applicable across the actions. Consolidation would eliminate the need for the Court to address the same issues repeatedly. It would also eliminate the need for numerous duplicative trials.

Plaintiffs to the Individual Actions argue that their cases should not be consolidated with the Consolidated Securities Action because that action proceeds as a putative class action and consolidation will effectively eviscerate their right to opt out of the class action pursuant to Rule 23(b)(3). The Court is not persuaded by this argument. Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999) (quoting Johnson v. Manhattan R. Co., 289 U.S. 479, 497 (1933)). The Complaints of the Plaintiffs to the Individual Actions will remain separate from the Class Action Complaint, and the Individual Plaintiffs will retain their own counsel. Plaintiffs have not demonstrated that their right to direct litigation of their claims or participate at trial will be diminished by consolidation of the Individual Actions with the essentially identical Consolidated Securities Action.

Pretrial Order No. 1, entered on May 6, 2005, expressly provided that any later-filed or transferred securities fraud cases arising out of Merck's alleged misstatements and/or omissions about Vioxx would be subject to the Order and be automatically consolidated for all purposes pursuant to Rule 42(a). As provided by that Order, and for the reasons set forth above, this Court concludes, in its discretion, that consolidation for all purposes of the Individual Actions with the Consolidated Securities Actions docketed as Civil Action No. 05-2367, is appropriate. Accordingly,

**IT IS** on this 5th day of September, 2012,

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 42(a), the Individual Actions, Civil Action Nos. 05-5060, 07-4021, 07-4022, 07-4023, 07-4024, 07-4451, 07-4546, and 11-6259 be and hereby are consolidated for all purposes with the Consolidated Securities Action, Civil Action No. 05-2367.

  s/Stanley R. Chesler
 STANLEY R. CHESLER
 United States District Judge